# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL VAVAGES, SR., | : | Civil No. 3:19-cv-1795 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

### I. Background

On September 30, 2019, Petitioner Gabriel Vavages ("Vavages"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence computation. (Doc. 1). Vavages claims the Bureau of Prisons ("BOP") miscalculated his sentence by failing to include good conduct time, which caused him to be detained beyond the length of his sentence. (*Id.*). At the time his petition was filed, Vavages was confined at the United States Penitentiary, Canaan, Pennsylvania. (*Id.*). For relief, Vavages requests immediate release from custody. (*Id.* at p. 2).

On November 14, 2019, Respondent filed a suggestion of mootness stating that Vavages was released from the custody of the BOP on November 5, 2019. (Doc. 9). Thus, Respondent asserts that no further relief is available to Vavages and the habeas petition should be dismissed as moot. (*Id.*). For the reasons set forth below, the Court will dismiss

the petition as moot.

## II. Discussion

Federal habeas review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); *Scott v. Holt*, 297 F. App'x 154 (3d Cir. 2008) (non-precedential).

In this situation, the relevant inquiry is whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-42 (3d Cir. 2007). This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). The crucial issue is "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983. Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast,

2

challenges to the execution of a sentence that has already been served will not be presumed. *Spencer*, 523 U.S. at 12-14, 118 S.Ct. at 985.

Respondent has filed a suggestion of mootness, citing Vavages' November 5, 2019 release from custody. (Doc. 9, Suggestion of Mootness; *see also* BOP Inmate Locator[1]). Once Vavages served his term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35(b); *see also* 28 C.F.R. § 523.2(c). Under these circumstances, Vavages cannot demonstrate any continuing collateral consequences or injury because his release eliminates the Court's ability to grant him any relief. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue"); *see also Scott*, 297 F. App'x at 156 ("Because [the petitioner] has served his complete term of imprisonment, [he] cannot show some concrete and continuing injury from the loss of good time credits."). As no live controversy remains, the Court will dismiss Vavages' habeas petition as moot. *See Scott v. Schuylkill FCI*, 298 F. App'x 202 (3d Cir. 2008) (non-precedential).

---

[1] Upon entering Petitioner's identification number, 02734-196, into the BOP Online Inmate Locator System, his status was returned as "released" on November 5, 2019. *See* https://www.bop.gov/inmateloc/#

A separate Order shall issue.

Date: November 14, 2019

Robert D. Mariani
United States District Judge